Our next case, we'll call the next case United Industrial Service Transportation Professional and Government Workers of North America International Union on behalf of Ernest Bacon versus the government of the Virgin Islands and Miss Boykin. Yes. Good morning, Your Honor. Good morning. Good morning, panel members. My name is Nemosha Boykin. I'm here on behalf of the appellant. May I reserve three minutes for rebuttal? And what I want you to do, make sure you speak into that microphone. Yes, Your Honor. You discovered yesterday with the height of the ceiling, the acoustics aren't the best. And I tend to be soft spoken, so I'll make a point of it. Okay. All right. Very good. Okay. I'm here. You may proceed. Thank you. Did you want time for rebuttal? Yes, Your Honor. May I reserve three minutes? That request will be granted. Thank you. Yes, Your Honor. I'm here today to emphasize three points to the court. The first is that this court has jurisdiction over this appeal. The second is that Title III, Section 113A and Title 24, Section 374A are harmonious. And the third point is that the unfortunate passing of Attorney Basin has not rendered this appeal moot. Concerning the first point... Let that mootness question first. Sure. Attorney Basin recently passed away, I believe this past September, after this case had been fully briefed. However, in December of 2011, he had already been reinstated to his position as an Assistant Attorney General with the Department of Justice. It's important that this court recognize that before this court, before the Supreme Court of the Virgin Islands, before the Superior Court and the arbitration, it has always been the union who's been the representative or the party. It's the union that has an independent duty to litigate on behalf of the broader class of members, in this case, the Assistant Attorneys General. And regardless of the passing of Attorney Basin, the union still has an interest in advocating on behalf of its members, particularly since the Supreme Court rendered an opinion that essentially prohibits the reinstatement of any wrongfully discharged Assistant Attorney General. And additionally, this case isn't moot because on remand, the government has argued that considering that Attorney Basin can't be reinstated to his employment, he's also not entitled to back wages. And at no point in any of these proceedings have the merits of this case been overturned. Therefore, Attorney Basin is still entitled to some remedy. And there is case law that supports the proposition that back wages and reinstatement are inextricably intertwined. Avoiding the merits for a second, we do not enter orders, the courts don't enter orders, which have no meaning. There's no way that your client can be reinstated. That's a given. So how can we look at the facts of this case and say that the case is moot because we can give no viable relief, which you are seeking, namely reinstatement? It says only reinstatement is before us, not the back pay. Correct, Your Honor. Only reinstatement is before this court, but the issue of reinstatement and back pay are inextricably intertwined. Without reinstatement, you cannot have an entitlement to back pay. That might be so, but the only reason this case is before us, the sole reason, is on the reinstatement. The Supreme Court is still, there's no final order on the back pay. Correct, Your Honor. So we couldn't even entertain that issue at this time. Correct. So the only issue for us is whether we should reinstate your client or not. Yes, Your Honor, the issue before this court is whether you should reinstate my client, but the broader issue is whether Assistant Attorneys General are entitled to reinstatement, period. The opinion of the Supreme Court of the Virgin Islands foreclosed that. It said considering that Assistant Attorneys General are entitled to unionize, the arbitrator could not, and the Superior Court could not have ordered that Attorney Basin be reinstated. But if the issue, the narrow issue that's before us is moot, how then can we reach the broader issue that you're proposing, the broader holding that you're proposing? Because, Your Honor, the real appellant in interest here is the union, and case law is clear that unions have the right to advocate on behalf of the broader interest of their members. Therefore, at issue here are the rights of Attorney Basin. Yes, the court has seen that, but also of all Assistant Attorney Generals similarly situated to him before his passing. Therefore, considering that the union has that right and is the exclusive representative of those members, the issue of reinstatement is still a live case of contradiction. So you want us to hear this case and not determine whether or not your client should be reinstated or not, but to determine what, the rights of the union? Your Honor, we'd like you to determine both the rights of the union, which is in fact the appellant before this court, and whether Attorney Basin was rightfully reinstated. Well, we can't determine whether he should rightfully be reinstated because that's not the issue that was certified here. The only question that was certified is whether he should be reinstated or not. Well, let me put it this way. If he had died prior to the court determining whether or not to grant certiorari, Yes. do you think that the court would have granted certiorari? Yes, Your Honor, I believe that the court would have had to because, again, it's the union who's the real party in interest here. And the second factor is that Attorney Basin had been reinstated at the time that cert was granted. So the issue of actually Well, we didn't know it at the time it was granted. The court that granted the petition for certiorari, at the time they granted it, did not know he had expired. I beg your pardon? The court did not know that, Your Honor? No. Okay. Well, even if the court did not know If they would have known that, that's the situation. I don't know whether they would have granted certiorari if they would have known he had expired. Well, voluntary compliance, Your Honor, doesn't make review of the decision below unnecessary in this case. And likewise, again, when you have a union advocating, it's not only the specific interest of Attorney Basin, but it's the fact that all of the assistant attorney generals have lost an expectation interest that they've had in being able to be reinstated if they are, in fact, wrongfully discharged. And that remains live and a valid issue before this court. It's not just an advisory opinion that we're seeking, Your Honor. Well, at the time he died, he had an issue that he had a right to At the time he died, there was a question as to whether or not he had the right to be reinstated, correct? Yes. Okay. And if he did have a right to be reinstated, he then could have been entitled to some back pay. Yes, Your Honor. Okay. And concerning Attorney Basin's entitlement to back pay, it's clear that reviewing the Virgin Islands Revised Organic Act and the Virgin Islands Code, that Attorney Basin was entitled to both back pay and reinstatement. Now, concerning reinstatement, the Supreme Court What about our certiorari jurisdiction? Yes, Your Honor. The Congress said don't go to the Third Circuit anymore. You get to go right to the United States Supreme Court. But the question is when did Congress say don't go to the Third Circuit anymore? And H.R. 6116 said that it applies as of the date that it is enacted into law, to cases commenced after the date that it's enacted into law. And the question is when was this case commenced? So we have cases such as Slack v. McDaniel that tell us when the statute talks about cases commenced, and it's an appellate jurisdiction statute that we look at when the appeal is commenced. Looking at Title IX, Section 9 of the United States Code, it's clear that this appeal was commenced in 2009 when the parties filed their petitions to confirm and to vacate the arbitration award. So you're in the right court, you argue? Yes, Your Honor, absolutely. All right, why don't you go to the merits here of whether or not the governor of the Virgin Islands has the right to terminate an assistant attorney general. Absolutely, Your Honor. This court looked at Section 11 of the Revised Organic Act in Martina's sentence. And in that case, it realized that Section 11 provides that the head of the executive of the government of the Virgin Islands, namely the governor, has the authority to appoint and remove executive branch employees except as otherwise provided by an act of Congress or by the Virgin Islands Code. Accordingly, there are two provisions in the Virgin Islands Code that address the issue as it concerns this case. The first is Title III, Section 113A, which provides that the governor may appoint and remove assistant attorneys general and that he may have in a department such assistant attorneys general as he deems fit. The second provision is Title 24, Section 374A, that provides that certain executive branch employees may collectively bargain. And that provision is Part B. Unless, right? Yes. Otherwise specifically restricted by law. Yes, Your Honor. And that is the manifest error of the Virgin Islands Supreme Court. It essentially read those words out of the statute. A statute that provides that the head of the executive branch can appoint and remove employees is not a specific restriction on those employees' entitlement to be removed for just cause. Now, the assistant attorneys generals have had this expectation of just cause removal pursuant to PELRA, which this court held in Martinez's modified Section 11 of the Virgin Islands Code. And Section 3, sorry, Title III, Section 451A of the Virgin Islands Code explicitly sets forth which employees are entitled to for cause termination under PELRA. And in Section 451A, we find exempted only the first and second assistant attorney general. All other assistant attorney generals are entitled to protection by just cause termination and by collective bargaining. Isn't it significant that Section 113A uses language virtually identical to the statutory provision granting the governor the power to remove high officials such as the attorney general and ranking commissioner of education and all, you know, and so that it would seem that if they want to remove a deputy under 113A, it would be included because he could remove the attorney general himself. That language is similar, Your Honor, but it doesn't apply to rank and file assistant attorney generals. So the governor could file the attorney general, but he can't fire a deputy attorney general? He cannot fire a rank and file attorney general. If we look at the party's collective bargaining agreement, it does provide that the attorney general, the deputy attorney general, the solicitor general, and other such persons, I believe it's on page 55 of the Joint Appendix, and other such persons are not covered by the collective bargaining agreement, and it's precisely because those positions are subject to at-will termination. But for other executive branch employees, such as the rank and file assistant attorney generals, they're covered by just cause termination. Well, wouldn't it be reasonable to conclude that Section 113A, together with Section 11 of the Organic Act, constitutes like a specific restriction on 374 per run? No, Your Honor, because Section 113A and Section 374 do not cover the same employees. Section 374 is specific in stating which employees are covered and which are not. And the employees who are covered are those who are either in a policymaking position, they're judges, members of the judiciary branch of government. It's very specific, but when we look at Title III, Section 451A, which actually in Schedule A sets forth specific employees who are or are not covered, it's clear that the legislature considered that, it looked at the Department of Justice, which was then called the Department of Law, and it provided that only the first and the second assistant attorney generals were not covered by Pell Rights. Let's put it this way. Under 113A, you say this collective bargaining agreement, which the governor signed, binds the governor's hand in this case. Correct. But suppose the attorney general and the Commissioner of Insurance and these other high-ranking people signed a collective bargaining agreement with the governor also. Is it your position that because of that collective bargaining agreement would supersede 113A as well as 11 of the revised Organic Act? Not at all, Your Honor. It's my position that unless Pell Right allows those positions to collectively bargain, it would not supersede those provisions of the Virgin Islands Code and the revised Organic Act. Well, suppose there was a collective bargaining agreement with the attorney general and assistant attorney generals, and the governor signed it saying he couldn't remove them but for just cause, that that would supersede 113A and the revised Organic Act. Is that your position? No, Your Honor. There's no need that it supersede the revised Organic Act because the revised Organic Act explicitly permits that type of just cause termination where it says except as otherwise provided by Congress or by the Virgin Islands Code. And it would supersede Section 113A not only because it's later enacted but because 113A is not a specific restriction on Pell Right. Pell Right explicitly provides the employees that are covered. The attorney general, first of all, couldn't be in the same bargaining group as the assistant attorney general. That's clear from the terms of Pell Right. And once the assistant attorney generals do collectively bargain pursuant to Pell Right, they're entitled to be covered by just cause termination. They bargained for just cause termination. The governor signed off on a collective bargaining agreement. It's an expectation interest that these assistant attorney generals have had for many years to the extent that prior to the enactment of Pell Right, their collective bargaining agreement was actually enacted into legislation by the legislature. It's only subsequent to the enactment of Pell Right in 1988 that it became unnecessary to do so. Therefore, the collective bargaining agreement that the parties have entered into absolutely does govern the terms and conditions of their employment and it supersedes any other provision to the contrary unless it's a specific restriction. There's nothing in Section 113A that provides the assistant attorney generals can be removed automatically. The Virgin Islands Supreme Court committed manifest error in that conclusion. Section 113A provides only that assistant attorney generals who are covered by it can be removed when their successors are appointed and confirmed by a newly elected governor. If a newly elected governor doesn't appoint and confirm a successor assistant attorney general, then the sitting assistant attorney generals remain. Doesn't your argument read out the words, unless sooner, removed by the governor? No, Your Honor. I believe that the words, unless sooner, removed by the governor are there just to prevent the anomaly that a sitting governor cannot remove an assistant attorney general who he appointed. But even if it's the court's position that my analysis does read out those words, it's equally true that Section 113A does not apply to assistant attorneys general. Section 113A would apply to what is identified in Section 451A as the first and second assistant attorneys general, whereas the rank and file assistant attorney general would be covered by Section 374A. Our review under the revised Organic Act on cert is somewhat narrow, isn't it? It's not inescapably wrong, the decision of the Supreme Court. Why, with that standard, is the decision of the Supreme Court wrong? Because, Your Honor, the decision of the Supreme Court, one of the standards for being inescapably wrong is when the decision ignores the plain text of the statute, and the decision of the Supreme Court of the Virgin Islands ignores the plain text of Section 11 of the revised Organic Act that provides except as otherwise provided by Congress or by the Virgin Islands Code. It reads out of the Virgin Islands Code, Section 451A, that explicitly enumerates the assistant attorneys general who are and are not allowed to collectively bargain. And it explicitly ignores the language in Section 113A that provides, excuse me, Section 374, unless specifically restricted by law. There is no specific restriction in Section 113A on Section 374A. Okay. All right. Ms. Boykin, we'll have you back on rebuttal. And we'll call on Ms. Springett. Good morning, Your Honors. May it please the Court. My name is Joss Springett, and I represent the respondent in this matter, the Virgin Islands Government, Department of Justice. The same request to you, Ms. Springett. Make sure you speak into that microphone. Okay. Is this good? Yes. Okay. The issues that I will argue are whether the Court has jurisdiction due to the passage of H.R. 6116. Second, whether this Court has jurisdiction due to the fact that the petitioner has filed this petition on an order that's not final. Third, whether the Supreme Court of the Virgin Islands committed manifest error. And fourth, whether this issue is moot due to the change of circumstances, namely the death of Ernest Basin. To begin, the appellee contends that this Court lacks jurisdiction due to the passage of H.R. 6116, which created Public Law 112-226 and revised the Organic Act. This stripped this Court of jurisdiction over the Supreme Court's of the Virgin Islands' final decisions and allowed direct review to the United States Supreme Court. It seems to me the case was commenced when it was filed with the Superior Court. I don't know. I don't see how you can say it was commenced when they petitioned for certiorari. Well, this Court in Kendall v. Daily News of the Virgin Islands and Publishing Company provided two meanings of the words case commenced. The narrow meaning, which means the petitions filed after the decision of the Supreme Court of the Virgin Islands, and the broader meaning, which is the cases filed in the Superior Court. The appellee asks that this Court adopt a narrower meaning of that phrase due to the fact that Congress's intent was to remove jurisdiction from the Third Circuit and allow direct review of the Supreme Court's decisions of the Virgin Islands. In Kendall, we left this question unanswered, did we not? Yes, you did. Okay, so we have to decide this. Yes, you did. However, if you look at the pre-amended statute of the Revised Organic Act, it provided that this Court would have jurisdiction over decisions by the Virgin Islands Supreme Court for the first 15 years of its establishment, and then the Judicial Council of this Court would review the Supreme Court of the Virgin Islands every five years to determine whether it has established institutional traditions to allow direct review prior to that 15-year mark. Upon amending the Revised Organic Act, all of the language after provided, which provides this Court with 15 years' jurisdiction, was removed. Congress's intent was to allow direct review as soon as the Supreme Court of the Virgin Islands had established sufficient standards. It also revised Title 28, Section 1260 of the U.S. Code, which provided that the Supreme Court of the United States would have direct review of the United States Virgin Islands Supreme Court's decisions. Therefore, if we look at the decision of the Supreme Court of the Virgin Islands, it was issued on November 26, 2012. The President signed Public Law 112-226 into law on December 28, 2012. However, the appellant filed its petition with this Court on January 25, 2013, approximately 28 days after the signing of that bill. To use a broader definition of the words case commenced would go contrary to Congress's intent. And the United States Supreme Court outlined a narrow definition as well of that phrase in Slack v. Daniel. Okay, well, that's a legal question we have to answer. Well, the case was commenced. The appellee believes that if this Court were to Why don't you tell us why you think this case is moot? Yes. Maybe you don't think it's moot. Maybe you think it's still alive. Well, Your Honors, I believe that the appellee believes that this Court is moot due to the change in circumstance, namely the death of Assistant Attorney General Ernest Basin. The issue before this Court, the only issue before this Court, is whether or not the Supreme Court committed manifest error in finding that the two statutes cannot be harmonized. This determination would determine whether Assistant Attorney General Ernest Basin can be reinstated. But the reinstatement would also determine whether he was entitled to back pay. No, Your Honor. The only issue that is on appeal is back pay. I'm sorry, reinstatement. The issue of back pay was never decided, and, therefore, there's no final order to be appealed from. Yeah, but you'll acknowledge that if you prevail on your mootness argument, there's no federal issue involved anymore. There's a Virgin Islands issue, which we would not have certiorari. No, you will not have certiorari over this matter, Your Honor. Pardon? No, you will not. We would not have certiorari. We have certiorari over Virgin Islands and federal issues. Unlike certiorari to the U.S. Supreme Court from the states, we have certiorari under the old statute. If we have certiorari, we have certiorari over both territorial and federal matters, correct? Correct, Your Honor. Okay. So we would have certiorari over the Supreme Court's decision as to back pay? I'm sorry, can you repeat that? We still would have a certiorari jurisdiction over the back pay? No, Your Honor. Due to the passage of H.R. 6116, this Court no longer has jurisdiction over matters filed on or after December 28th. Assuming you were wrong. Assuming you were wrong on that.  Assuming I was wrong and can you repeat that? If the filing date is as of the filing with the Superior Court. If the filing date were with the Superior Court, that would be contrary to Congress's intent. Well, I know, but assume you lose on that. Assume that we decide, as a matter of law, that the filing date is filing with the Superior Court. We still have certiorari jurisdiction over the back pay issue as well, don't we? Possibly, yes. And the only reason we didn't take the back pay issue is because there's no final order. There's no final order on that. So the only issue we took was the reinstatement to his position as Attorney General. Correct. But if we decided, getting now to the mootness question, if there was a decision that the arbitrator was correct, then Mr. Bacon would be entitled to back pay. If you find that the arbitrator was correct, Assistant Attorney General Bacon would be entitled to all that was awarded in the arbitrator's decision. But before we have to make a merits determination, we have to see whether we have jurisdiction. Correct. If a case is moot, there is no jurisdiction because courts don't give orders that can't be carried out. Correct. This court does not have authority to issue. Your friend across the aisle says the case is not moot even though we can't reinstate the petitioner. It's not moot because the union has a vested interest in having this matter adjudicated, and therefore it's not moot. While the union has an interest in resolving Assistant Attorney General Bacon's issue in this case, the union has the opportunity to file arbitrations and suits before the court for any other Assistant Attorney General. This case was filed on behalf of Assistant Attorney General Bacon only. Therefore, this doesn't preclude the union from filing subsequent suits pertaining to other Assistant Attorney Generals. In terms of mootness, the change of circumstances renders this case moot. In McAllister v. Attorney General of the United States, this court found that the change in circumstances, such as the death of the party seeking relief, prevents this court from making that decision because there's no case of controversy that exists. In addition, while there's an exception to the mootness doctrine, it does not apply in this case. That exception is capable of repetition yet evading review, and it provides that the challenge action was in its duration too short to be fully litigated, and second, that the same complaining party will be seeking similar relief in the future. This exception does not apply to this case. The parties in this case were allowed to fully arbitrate and litigate this matter. Secondly, due to the passing of Assistant Attorney General Bacon, it is not possible for him to be terminated or seek reinstatement from this point forward. In reference to the issue that was granted cert by this court, the appellee contends that the Supreme Court of the Virgin Islands did not commit manifest error when it ruled that Title 3, Section 113A of the Virgin Islands Code and Title 24, Section 374A of the Virgin Islands Code could not be harmonized. Again, the definition of manifest error is not just this court's simple disagreement with the Supreme Court's decision, nor is it the position that this court would have taken and made a different interpretation. Do I understand you correctly? That's your backup argument. Your first argument is that we don't hear the case. We dismiss the appeal as moot. Is that right? Dismiss the case as moot. Is the argument on no manifest error your backup argument, or does it come before the moot argument? Jurisdiction is the primary argument, that this court does not have jurisdiction. Okay, so we determine we have jurisdiction. Then you say there's no manifest error. Correct, and this court should affirm the Supreme Court's decision that it did not commit manifest error. As I stated before, it's not whether this court disagrees, it's whether this court finds that the Supreme Court of the Virgin Islands ignored the plain text of the statutes in question here, or whether there was some blatant error and there is no evidence of such. Well, it's a close question. You know, it's a very close question. And suppose that this panel would have decided it the other way. It's a close question. I suppose that we would have felt that if we had the direct appeal, that we would have decided it the other way. Does that win the case for the appellant? Well, manifest error is not defined as whether this court would rule in another way or interpret the statutes in another way. There must be some blatant inconsistencies. The statute, Section 113A, provides that the governor has the right to appoint assistant attorney generals and remove those assistant attorney generals at the end of his term unless he chooses to remove them sooner. Section 374A provides that public employers can negotiate with exclusive representatives for certain terms of employment, such as rates of pay, hours, and salaries, unless otherwise specifically restricted by law. As Justice Fischer earlier stated, that restriction prevents assistant attorney generals from this explanation. The governor has the right to remove assistant attorney generals. And as the Supreme Court of the Virgin Islands stated, the two statutes cannot be harmonized due to the fact that the governor's right is without cause while the right under the contract is with cause. Therefore, this court should affirm the Supreme Court's decision. In conclusion, this court no longer has jurisdiction for a number of reasons. First, it lacks jurisdiction after the passage of H.R. 6116, which amended the Revised Organic Act and stripped this court of its jurisdiction. It also provided direct review to the United States Supreme Court. Secondly, this court lacks jurisdiction because the petition was filed in an order that was not final. And thirdly, it lacks jurisdiction because this court does not have the authority to issue advisory decisions. Seeing that this case is moved due to the passing of Attorney Basin, this court will be issuing an advisory decision. Finally, even if this court were to find that it does have jurisdiction, the appellee acts at this court affirm the Supreme Court's decision because it did not commit manifest error. It is not whether this court disagrees or would rule in an opposite direction or a slightly different interpretation. It is more on internal consistencies. Thank you. Thank you, Ms. Springett. We understand your position. Thank you. Or positions, I should say. Ms. Boykin? Yes. I'd just like to respond to three points that Attorney Springett has made. The first, which I'm glad she brought up, is the definition of cases commenced, and she brought up Kendall. However, this case is governed by Title IX, Section 9, and the anomaly that would result by applying any other date to the commencement of this case than filing in a superior court is that the Supreme Court of the Virgin Islands rendered its opinion on November 26, 2012. 6116 was enacted on December 28, 2012. So would the union have 90 days from November 26 prior to when 6116 was acted, or would it have 90 days from December 28, 32 days after the time to appeal began? Either construction would require 6116 to apply retroactively, which is contrary to it on its face. Second is that the governor's right to remove is not absolute. Again, we have to look at which attorneys generals are covered by 113A and which are covered by 374A. Only the attorney general, the solicitor general, and other such high-ranking officials continue to be governed by 113A, but consistent with Section 11 of the Revised Organic Act, rank-and-file assistant attorney generals are covered by Section 374A. And subsequently, this Court can continue to provide effective relief in this case is not moot. If a similar issue arises in the future and the parties do intend to litigate it, they'll forever be barred from review by this Court of the issue of reinstatement. And that's an expectation interest that the parties had when they entered into their collective bargaining agreement and when these proceedings were began. And finally, I'd like to address the issue, excuse me, that Attorney Springett raised while in Muncie, and she explained, or she was arguing, I'm sorry, that this case, sorry, McAllister, where Attorney Springett argued that mootness arises with the death of a party, but Muncie where, again, is distinguishable because that was an individual who was the appellant, whereas in this case we're dealing with a union who does have that broader interest to advocate on behalf of its members. So, again, I would like to ask the panel to find that it does have jurisdiction over this case, that the Supreme Court of the Virgin Islands did commit manifest error in completely erasing Section 451A from the Virgin Islands Code and ignoring the language in Section 11 of the Revised Organic Act that says, except as otherwise provided by Congress or the Virgin Islands Code, and by erasing the words specific exception from Section 374A. And, again, I'd also like to ask the panel to find that this case is not moot. Thank you. Thank you very much. Okay, we thank both counsel for excellent arguments, and we will take this matter under advisement.